**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GABRIEL J. HURLEY, | : |
| Plaintiff, | : **OPINION and ORDER** |
| v. | : Civ. No. 2:11-4689 (WHW) |
| TOYOTA MOTOR CORP.; FORD MOTOR COMPANY; JOHN DOES (1-5), being fictitious persons, and XYZ CORP. (1-5), being fictitious entities, | : |
| Defendants. | : |

**Walls, Senior District Judge**

Plaintiff Gabriel Hurley filed this case, which arises out of a car accident in which he was seriously injured, in the Superior Court of New Jersey—Law Division, Middlesex County. Plaintiff Hurley had previously filed a case arising out of the same car accident against the owner and driver of one of the other vehicles involved, a Toyota Celica, and the driver of a third car. The plaintiff then moved to consolidate the two cases in state court. Toyota Motor Corporation (Toyota) and Ford Motor Company (Ford) removed this case before the motion to consolidate was considered. The plaintiff filed a motion to remand, which the defendants oppose. Under Rule 78 of the Federal Rules of Civil Procedure, the motion is decided without oral argument. For the following reasons, the plaintiff's motion to remand is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff alleges that he was seriously injured on June 18, 2009 when a Toyota Celica driven by Michael O'Malley struck the Ford Mustang the plaintiff was driving. Plaintiff filed a

**NOT FOR PUBLICATION**

complaint against both the owner and driver of the Toyota and the driver of a third vehicle on January 25, 2010 (the "O'Malley case") in state court as Docket No. MID-L-617-10. In June 2011, just before the statute of limitations ran, the plaintiff's expert discovered an air compressor from a Toyota Celica in the plaintiff's car. The plaintiff's expert concluded that the air compressor had struck the plaintiff in the head and face, causing his injuries.

Based on his expert's finding, the plaintiff filed this action against Toyota and Ford on June 15, 2011, three days before the statute of limitations ran, as Docket No. MID-L-4427-11 (the "Toyota case"). The complaint asserts claims based on defective design, breach of express and implied warranty, and the New Jersey Products Liability Act against both Toyota and Ford.

On July 25, 2011, the plaintiff filed a motion to consolidate the O'Malley case with the Toyota case in state court; the motion had a return date of August 19, 2011. Toyota and Ford removed the Toyota case to this Court on August 15, 2011 based on diversity jurisdiction. The Toyota case was removed before the Superior Court of New Jersey—Law Division, Middlesex County ruled on the motion to consolidate the Toyota case and the O'Malley case. On August 26, 2011 defendant Ford brought a third-party complaint in this Court against all three named defendants from the O'Malley case. On October 6, 2011 Toyota cross-claimed against Ford and the defendants from the O'Malley case.

On September 9, 2011 the plaintiff filed a motion to remand the Toyota case. Toyota filed a brief in opposition. Third-party defendants, also defendants in the O'Malley case, filed a brief in support of the remand motion.

## STANDARDS

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants …." 28

**NOT FOR PUBLICATION**

U.S.C. § 1441(a) (2011). District courts have original jurisdiction over civil actions between citizens of different states (including foreign states) where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (2011). Diversity must exist between each defendant and the plaintiff in order to remove on the basis of diversity jurisdiction. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).

> 28 U.S.C. §1447(c) provides for remand:
>
> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). Moreover, "removal statutes 'are to be strictly construed against removal, and all doubts resolved in favor of remand.'" Id. at 111 (citations omitted).

## DISCUSSION

"Cases may be remanded under § 1447(c) for (1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d Cir. 1993). First, this Court has subject matter jurisdiction based on diversity. See 28 U.S.C. § 1332(a). The removing party has shown that there is complete diversity of citizenship between the parties and the amount in controversy is over $75,000. Notice Removal ¶¶ 3-4. The motion for remand does not dispute either of these assertions. Second, Toyota and Ford have met the procedural requirements for removal. Both named defendants have joined in removal, the appropriate paperwork has been filed with the notice of removal, and removal is timely. See Delalla v. Hanover Ins., No. 11-1532, 2011 U.S. App. LEXIS 20651, at *18-19 (3d Cir. Oct. 12, 2011); 28 U.S.C. § 1446. The plaintiff does not allege a procedural defect in the notice of

**NOT FOR PUBLICATION**

removal. Instead, the plaintiff asserts "Had Toyota and Ford been added as defendants in the state court action, there would be no diversity …." Notice Remand ¶ 21.

The plaintiff notes that had he had time before the statute of limitations ran, he would have amended the O'Malley complaint rather than bring a separate complaint. Id. Plaintiff tried to have the cases consolidated in state court, but after removal of the Toyota case he "had to withdraw [the] motion to consolidate." Id. at ¶ 19. Plaintiff argues that the O'Malley and Toyota cases should be tried together in the "interest of justice, judicial economy and … [to avoid] risk of inconsistent verdicts …." Id. at ¶ 23, 26. The plaintiff does not support the argument that a case can be remanded on this basis with any cases or other legal authority nor does he provide a statutory basis for his motion to remand. See Id. at ¶ 22-26. There is no legal basis for remanding a case on the basis that the plaintiff would have followed a different procedural course had he had more time. The plaintiff made a choice to bring a separate complaint, even if that choice was constrained by timing.

The plaintiff has not made clear whether the request for remand is based on § 1447(c) or some other statutory basis, but remand is improper regardless. 28 U.S.C. § 1447(e) does not apply here because the plaintiff has not sought "to join additional defendants whose joinder would destroy subject matter jurisdiction …." It follows that plaintiff cannot seek remand on the basis that joinder of the O'Malley case defendants would defeat diversity jurisdiction.

## CONCLUSION

For the foregoing reasons, it is on this 9th day of December, 2011:

**ORDERED** that Gabriel J. Hurley's motion to remand is DENIED.

s/ William H. Walls<br>
United States Senior District Judge